**Sandra BORKON, Appellant**

v.

**FIRST UNION NATIONAL BANK, successor by merger to Corestates Bank, Meridian Bank, New Jersey and Cherry Hill National Bank**

No. 01–3775.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 20, 2002.

Filed Sept. 30, 2002.

Before SCIRICA, ALITO & McKEE, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This case centers around a promissory note and mortgage executed by Sandra Borkon and her husband, Jerry Borkon, in favor of Cherry Hill National Bank, which is the predecessor-in-interest by merger to First Union National Bank. Ms. Borkon was a homemaker without any independent income or any ownership stake in the business owned by her husband. She appeals from the district court's grant of summary judgment to the defendant on her action seeking declaratory judgment that the promissory note and mortgage are null and void based upon alleged violations of the Equal Credit Opportunity Act and the Federal Reserve Regulation B. Our review of the district court's grant of summary judgment is plenary. *Huang v. BP Amoco Corp.,* 271 F.3d 560, 564 (3d Cir. 2001).

Inasmuch as the district court has already set forth the factual and procedural history of this case, we find it unnecessary to repeat that history here. See *Borkon v. First Union National Bank,* No. 00–2850, 2001 WL 1042854 (E.D.Pa. September 7, 2001). Moreover, in its thoughtful Memorandum Opinion and Order, the district

---

court has carefully and completely explained its reasons for denying Borkon the relief she seeks and granting summary judgment to the defendant. We need not engage in a redundant analysis simply to reach the same result.

Accordingly, we will affirm the district court substantially for the reasons set forth in the District Court's Memorandum Opinion without further elaboration.